**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RIGOBERTO HERNANDEZ, | : | Civil No. 3:20-cv-888 |
| | : | |
| Petitioner | : | (Judge Mariani) |
| | : | |
| v. | : | |
| | : | |
| BERNADETTE MASON, *et al.*, | : | |
| | : | |
| Respondents | : | |

**MEMORANDUM**

Petitioner Rigoberto Hernandez ("Hernandez") filed the instant petition for writ of

habeas corpus pursuant to 28 U.S.C. § 2254 challenging a judgment and conviction

imposed in the Court of Common Pleas of Dauphin County, Pennsylvania. (Doc. 1). For

the reasons discussed below, the Court will dismiss the petition as untimely.

I.      **Background**

On November 20, 2009, a jury found Hernandez guilty of one count of delivery of a

controlled substance for his delivery of 0.22 grams of heroin to another person. *See*

*Commonwealth v. Hernandez*, https://ujsportal.pacourts.us, electronic docket number CP-

22-CR-0001681-2009. On that same date, the trial court sentenced him to a term of not

less than two-and-one-half nor more than six years of incarceration. *Id.* Hernandez filed a

direct appeal. *Id.* On December 16, 2010, the Pennsylvania Superior Court affirmed the

judgment of sentence. (Doc. 9-2, pp. 1-13, *Commonwealth v. Hernandez*, No. 63 MDA

2010 (Pa. Super.)).  Hernandez did not file a petition for allowance of appeal to the

Pennsylvania Supreme Court.

On May 14, 2018, Hernandez filed a *pro se* petition for post-conviction collateral

relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. §§ 9541-46.

(Doc. 9-2, pp. 15-68, PCRA Petition).  Counsel was appointed to represent Hernandez and

subsequently filed a motion to withdraw and a *Turner/ Finley*[1] no merit letter.  (Doc. 9-2, pp.

82-86, Motion to Withdraw).  On December 3, 2018, the PCRA court issued its notice of

intent to dismiss the petition as untimely and granted counsel's motion to withdraw.  (Doc. 9-

2, pp. 92-93, Notice of Intention to Dismiss PCRA Petition).  On December 27, 2018, the

PCRA court dismissed the petition.  (Doc. 9-2, p. 95, PCRA Court Order).  Hernandez filed

a timely appeal to the Pennsylvania Superior Court.  On November 26, 2019, the Superior

Court affirmed the PCRA court's dismissal of the petition.  *Commonwealth v. Hernandez*,

2019 WL 6334815 (Pa. Super.).  In its decision, the Superior Court noted:

> Hernandez's judgment of sentence became final in January 2011 when we
> affirmed and he did not file a petition for allowance of appeal to the Supreme
> Court.  Because 42 Pa.C.S[.] § 9545 requires a PCRA petition to be filed
> within one year of when the sentence is final, he was required to file his
> PCRA petition by January 2012 for it to be timely.  Because it was filed on
> May 14, 2018, it was patently untimely.  Hernandez also failed to plead or
> prove any timeliness exception.

---

[1]   *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d
213 (Pa. Super. 1988) (*en banc*).

*Id.* at n.4.  Hernandez did not file a petition for allowance of appeal to the Pennsylvania Supreme Court.

On May 26, 2020, Hernandez filed the instant federal habeas petition.  (Doc. 1).  On July 2, 2020, Respondents filed a response seeking dismissal of the petition as untimely.  (Doc. 9).  Hernandez did not file a traverse.

## II.    Discussion

The court shall "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  A petition filed under § 2254 must be timely filed under the stringent standards set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996).  *See* 28 U.S.C. § 2244(d)(1).  Specifically, a state prisoner requesting habeas corpus relief pursuant to § 2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of -
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is

pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2); *see Jones v. Morton*, 195 F.3d 153, 157 (3d Cir. 1999). Thus, under the plain terms of § 2244(d)(1)(A), a state court criminal judgment does not become final until appeals have been exhausted or the time for appeal has expired. *See Nara v. Frank*, 264 F.3d 310, 314 (3d Cir. 2001).

Hernandez was sentenced on November 20, 2009. *See Commonwealth v. Hernandez*, No. CP-22-CR-0001681-2009. He filed a direct appeal, and, on December 16, 2010, the Pennsylvania Superior Court affirmed the judgment of sentence. Hernandez's judgment of sentence became final on or about January 17, 2011, at the expiration of the thirty-day period for filing a petition for allowance of appeal to the Pennsylvania Supreme Court. *See* 42 Pa.C.S. § 9545(b)(3). The one-year period for the statute of limitations commenced running as of that date. Hence, the federal petition, which was filed on May 26, 2020, is clearly untimely. However, the Court's analysis does not end here; consideration of both statutory and equitable tolling must be undertaken.

## A.    Statutory Tolling

Section 2244(d)(2) tolls the one-year statute of limitations with respect to the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Here, the statute of limitations began running on January 17, 2011 and, absent any tolling, would expire on or about January 17, 2012. Although Hernandez filed a PCRA petition in state

4

court, he failed to toll the statute of limitations for filing his federal habeas petition because the PCRA petition was "patently untimely" and thus was not properly filed. *Commonwealth v. Hernandez*, 2019 WL 6334815 at n.4.

As stated, Hernandez was required to file his PCRA petition by January 2012 for it to be timely. However, Hernandez did not file the PCRA petition until May 14, 2018. Therefore, the state court dismissed the PCRA petition as untimely. An untimely PCRA petition is not "properly filed" and, therefore, does not toll the statute of limitations. *See Pace v. Diguglielmo*, 544 U.S. 408, 417 (2005) (holding that "[b]ecause the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2254(d)(2)."). *See also Merritt v. Blaine*, 326 F.3d 157, 167-68 (3d Cir. 2003). Consequently, the AEDPA statute of limitations is not subject to statutory tolling.

### B.    Equitable Tolling

Equitable tolling of the limitations period is to be used sparingly and only in "extraordinary" and "rare" circumstances. *See Satterfield v. Johnson*, 434 F.3d 185, 195 (3d Cir. 2006); *LaCava v. Kyler*, 398 F.3d 271, 274-75 (3d Cir. 2005). It is only in situations "when the principle of equity would make the rigid application of a limitation period unfair" that the doctrine of equitable tolling is to be applied. *See Merritt*, 326 F.3d at 168. Generally, a litigant seeking equitable tolling must establish the following two elements: "(1)

that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418.

With respect to the diligent pursuit of rights, petitioner must demonstrate that he or she exercised reasonable diligence in investigating and bringing the claims. *See Robinson v. Johnson*, 313 F.3d 128, 142 (3d Cir. 2002). Mere excusable neglect is not sufficient. *See LaCava*, 398 F.3d at 276. Moreover, "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." *Warren v. Garvin*, 219 F.3d 111, 113 (2d Cir. 2000) (quoting *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000)).

Extraordinary circumstances have been found where (1) the respondent has actively misled the petitioner, (2) the petitioner has in some extraordinary way been prevented from asserting his rights, (3) the petitioner has timely asserted his rights mistakenly in the wrong forum, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim. *See Jones*, 195 F.3d at 159; *Brinson v. Vaughn*, 398 F.3d 225, 230 (3d Cir. 2005).

Hernandez presents no evidence to account for the delay in seeking relief in federal court. (*See* Doc. 1). Nor does he indicate that extraordinary circumstances obstructed his pursuit of post-conviction relief. Therefore, equitable tolling of the AEDPA statute of limitations is not warranted in this case.

III.    **Certificate of Appealability**

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate

of appealability ("COA"), an appeal may not be taken from a final order in a proceeding

under 28 U.S.C. § 2254.  A COA may issue only if the applicant has made a substantial

showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies

this standard by demonstrating that jurists of reason could disagree with the district court's

resolution of his constitutional claims or that jurists could conclude the issues presented are

adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322

(2003).  "When the district court denies a habeas petition on procedural grounds without

reaching the prisoner's underlying constitutional claim, a COA should issue when the

prisoner shows, at least, that jurists of reason would find it debatable whether the petition

states a valid claim of the denial of a constitutional right and that jurists of reason would find

it debatable whether the district court was correct in its procedural ruling."  *Slack v.*

*McDaniel*, 529 U.S. 473, 484 (2000).  Here, jurists of reason would not find the disposition

of this case debatable.  Accordingly, a COA will not issue.

## IV.    Conclusion

The Court will deny Hernandez's application (Doc. 1) for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 as untimely.  A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: July 28, 2020